UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MAISON VILLA HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Maison Villa Homeowners Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1    This is an action for declaratory judgment, breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)    A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Allstate Insurance Company ("Allstate") insurance policies issued to the Association. The Association is seeking a ruling that each of Allstate's policies provide coverage for hidden damage at the Maison Villa Condominium and that Allstate is liable for money damages for the cost of repairing hidden damage at the Maison Villa Condominium.

(B)    Money damages for the cost of repairing covered damage, breach of contract, bad faith, and violations of the CPA.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(C)    Attorneys' fees and costs (including expert witness fees).

(D)    Any other relief the Court deems just and equitable.

## II.    PARTIES AND INSURANCE CONTRACTS

2.1    <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Maison Villa Condominiums. The Maison Villa Condominium consists of one building with fourteen (14) residential units located in Seattle, Washington. Prior to the demolition and repair project at the Maison Villa Condominium, the exterior cladding consisted of vertical channel cedar siding installed over asphaltic building paper, installed over gypsum and plywood sheathing, installed over framing.

2.2    <u>Allstate</u>. Allstate is an Illinois domiciled insurer with its principal place of business in Illinois. Allstate sold and issued property insurance policies to the Association including Policy No. 050700404 (in effect from at least February 1, 1986 to February 1, 1987). The Allstate policy(s) identify the Maison Villa Condominium as covered property. The Association is seeking coverage against all Allstate policy(s) issued to the Association.

2.3    <u>Doe Insurance Companies 1–10.</u>  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Maison Villa Condominiums as covered property.

2.4    <u>Maison Villa Insurers</u>.  Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "Maison Villa Insurers."

2.5    <u>Maison Villa Policies</u>. The policies issued to the Association by the Maison Villa Insurers shall be collectively referred to as the "Maison Villa Policies."

///

///

///

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

### III.   JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Maison Villa Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.   FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Allstate</u>.  On April 29, 2020, the Association tendered a claim to Allstate for recently discovered hidden damage at the Maison Villa Condominium. As part of its claim tender, the Association asked Allstate to investigate for any other hidden damage that may exist at the Maison Villa Condominium. The Association informed Allstate that the Association anticipated conducting a full strip and reclad of the building's exterior, during which Allstate was permitted to come onsite to inspect for hidden damage.

4.3     <u>Maison Villa Strip and Reclad Repair Project.</u> In May 2021, the Association began a strip and reclad project at the Maison Villa Condominium. During the strip and reclad project, extensive hidden damage was observed at the sheathing and framing. The Association's historical insurance providers, as well as their respective buildings consultants, were permitted to come onsite during the demolition and repair project to inspect for hidden damage.

4.4     <u>Evolution Report</u>. Based on the demolition and repairs conducted at the Maison Villa Condominium, Evolution prepared its Building Envelope Findings Report ("Evolution Report"), dated May 12, 2022. As set forth in the Evolution Report, it is Evolution's opinion that water intrusion in the form of rainwater events, including wind-driven rain, is the primary cause of the

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

hidden water damage identified at the Maison Villa Condominiums. According to Evolution, the hidden damage at the Maison Villa Condominiums has occurred incrementally and progressively each year from 1979 to the present, and some new damage commenced during the Allstate policy period(s). The cost to repair the hidden damage at the Maison Villa Condominiums is in excess of $900,000.00, well over the jurisdictional limit of $75,000.

4.5     Allstate's Denial of the Association's Claim. On July 22, 2022, Allstate unreasonably denied coverage for the Association's insurance claim.

## V.     FIRST CLAIM AGAINST THE MAISON VILLA INSURERS: DECLARATORY RELIEF THAT THE MAISON VILLA POLICIES PROVIDE COVERAGE

5.1     The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Maison Villa Policies cover the hidden damage to exterior building components including, but not limited to, exterior sheathing and framing at the Maison Villa Condominium.

(B)     No exclusions, conditions, or limitations bar coverage under the Maison Villa Policies.

(C)     The loss or damage to the Maison Villa Condominium was incremental and progressive. New damage commenced during each year of the Maison Villa Policies.

(D)     As a result, the Maison Villa Policies cover the cost of investigating and repairing the hidden damage to exterior building components including, but not limited to, exterior sheathing and framing at the Maison Villa Condominium.

## VI.     SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1     Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     Allstate has contractual duties under the terms of its policy(s) to pay the cost of investigating and repairing the covered damage to the Maison Villa Condominium.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

6.3     Allstate breached its contractual duties by wrongfully denying coverage on July 22, 2022, and by failing to pay the cost of repairing the covered damage to the Maison Villa Condominium.

6.4     As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.     THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1     The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

wind-driven rain were one of the causes of the hidden damage at the Maison Villa Condominium; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from the concurrent combination of rain and inadequate construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in the Allstate policy(s); and (5) failing to define terms in the Allstate policy(s) pursuant to the plain meaning of the terms.

7.5     In addition, Allstate ignores case law in the Western District of Washington that is directly contrary to the coverage positions taken by Allstate by, among other things, refusing to follow the decision in *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 U.S. Dist. LEXIS 184729 (W.D. Wash. Dec. 23, 2015), which ruled that the Allstate Customizer policy covers: (1) wind-driven rain; (2) repeated leakage of water; (3) damage to exterior wall sheathing and framing caused by a combination of rain and inadequate construction; and (4) water damage resulting from inadequate construction or maintenance. Allstate's self-serving denial does not comport with Washington law or the plain meaning of its own policy language and put Allstate's financial interests ahead of the Association's to the Association's detriment. Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

7.6     A violation, if any, of one or more of the Washington claims handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Allstate's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Allstate to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.
- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.7    Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII.    FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Allstate's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1    <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Maison Villa Policies provide coverage as described herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

9.2     Money Damages.  For money damages against each of the Maison Villa Insurers for the cost of investigating and repairing hidden damage at the Maison Villa Condominium in an amount to be proven at trial, as well as money damages against Allstate for breach of the duty of good faith in an amount to be proven at trial.

9.3     Attorneys' Fees and Costs of Suit.  For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4     CPA Penalties.  For CPA penalties against Allstate of up to $25,000 per violation.

9.5     Other Relief.  For such other and further relief as the Court deems just and equitable.

## X.     DEMAND FOR JURY TRIAL

10.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dated the 9th day of September, 2022.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Jessica R. Burns*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Jessica R. Burns, WSBA #49852
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660